WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Teresa-Molina, | No. CV-19-02154-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Frank Strada, et al., | |
| Respondents. | |

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 15). On January 14, 2020, having received no Objections from the parties, the Court adopted the Magistrate Judge's Report and Recommendation (Doc. 12) and dismissed Petitioner's habeas petition. (*See* Doc. 13). Nearly six months later, on June 1, 2020, Petitioner filed his Motion for Reconsideration (Doc. 15).

**I.  Legal Standards**

Rule 60(b) provides the bases from which a party can seek relief from a final judgment of the Court.[1]  The Rule permits the Court to relieve a party "from a final judgment, order, or proceeding" for any of the reasons enumerated under that section, including mistake, newly discovered evidence, fraud, that the judgment is void, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).  *See also School Dist. No.*

---

[1] Rule 59 also provides circumstances in which a Petitioner may seek amendment to a final judgment.  However, that Rule provides that a party must do so within 28 days of entry of the judgment, a jurisdictional deadline that the district court cannot waive.  Petitioner filed his Motion for Reconsideration nearly six months after the Clerk entered judgment in this matter and therefore has no recourse under Rule 59.

*1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Motions for reconsideration should be granted only in rare circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multonomah County*, 5 F.3d at 1263; *see also* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.").

Rule 60(d)(1) further states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Arizona Local Rules provide guidance on what is considered a "reasonable time" to file a motion for reconsideration. In this district, "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2).

**II. Discussion**

Absent cause shown, the Court finds Petitioner's motion untimely. The Court issued its Order (Doc. 13) dismissing the petition on January 14, 2020, which means a motion for reconsideration of that Order was due by January 28, 2019. Petitioner did not file his motion until June 1, 2020, far beyond the fourteen-day deadline in LRCiv 7.2(g)(2).

Petitioner, whose native language is not English, states that he "is now well aware that the motion to modify his sentence should have been filed shortly after his sentence was handed down." (Doc. 15 at 1). He does not explain, however, what kept him from this knowledge or why his prior failure to meet filing deadlines should now be excused. Petitioner also does not argue that any of the reasons enumerated in Rule 60(b) or (d)(1) provide a basis from which the Court should reconsider its adoption of the Magistrate Judge's Order. In short, Petitioner's Motion for Reconsider fails to state cause to excuse

its lateness and fails to state a basis upon which the Court should reconsider its prior Order. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 15) is **DENIED**.  This case shall remain closed.

Dated this 21st day of July, 2020.

Honorable Diane J. Humetewa
United States District Judge